10-275-ag
Peraj v. Holder

BIA
Straus, IJ
A098 880 544
A098 880 543

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25ᵗʰ day of January, two thousand eleven.

PRESENT:
        DENNIS JACOBS,
              *Chief Judge,*
        ROBERT D. SACK,
        DENNY CHIN,
              *Circuit Judges.*

_____

YLBER PERAJ, SUADA PERAJ,

        *Petitioners,*

         v.                                    10-275-ag
                                               NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
        *Respondent.*

_____

FOR PETITIONERS:        Charles Christophe, Christophe &
                        Associates, P.C., New York, New
                        York.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Douglas E. Ginsburg,
                        Assistant Director; Franklin M.
                        Johnson, Jr., Trial Attorney, Office
                        of Immigration Litigation, Civil

**Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Ylber Peraj and Suada Peraj, natives and citizens of Albania, seek review of a January 7, 2010, order of the BIA affirming the April 24, 2008, decision of Immigration Judge ("IJ") Michael W. Straus denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ylber Peraj, Suada Peraj*, Nos. A098 880 544/43 (B.I.A. Jan. 7, 2010), *aff'g* No. A098 880 544/43 (Immig. Ct. Hartford, Conn. Apr. 24, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision, *i.e.*, minus the arguments for denying relief that were not considered by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B);

*Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The IJ found that the petitioners did not meet their burden of proof because, *inter alia*, they provided no documentation corroborating Ylber Peraj's involvement with the Legality Party and no medical evidence corroborating his testimony that he was beaten by the police. In cases applying the REAL ID Act, "an IJ, weighing the evidence to determine if the alien has met his burden, may rely on the absence of corroborating evidence adduced by an otherwise credible applicant unless such evidence cannot be reasonably obtained." *Chuilu Liu v. Holder*, 575 F.3d 193, 197 (2d Cir. 2009) (dicta; concluding that pre-REAL ID Act standards applied to Chuilu Liu's proceedings). The petitioners argue that the agency did not establish that such corroborating evidence was reasonably available. However, the agency found that corroboration was available because Ylber Peraj testified that his family was involved with the Legality Party in Albania and that his family doctor had treated him. Petitioners have offered no evidence to show that corroboration was unavailable. Accordingly, the agency reasonably found that petitioners did not meet their burden of proving their eligibility for asylum. *See* 8 U.S.C.

3

§ 1158(b)(1)(B)(ii); *Chuilu Liu*, 575 F.3d at 197-98.

Because petitioners were unable to show the objective likelihood of persecution needed to make out an asylum claim, and because their claims for withholding of removal and CAT relief were based on the same factual predicate as their asylum claim, they were necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal or CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991); *Xue Hong*, 426 F.3d at 523 (2d Cir. 2005)*; see also* 8 U.S.C. §§ 1231(b)(3)(C), 1229a(c)(4)(B).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4